**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Eric H. Horn (EH 2020)
Thomas Livolsi (TL 7602)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Attorneys for the Receiver*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| In re: | Chapter 15 |
|---|---|
| Innua Canada Ltd., | Case No. 09-_____ (_____) |
| Debtor in Foreign Proceeding. | (Joint Administration Requested) |
| In re: | Chapter 15 |
| The Normandy Group S.A., | Case No. 09-_____ (_____) |
| Debtor in Foreign Proceeding. | (Joint Administration Requested) |

**MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. § 1519**

RSM Richter Inc. (the "Receiver") is the court-appointed receiver and duly authorized foreign representative of Innua Canada Ltd. ("Innua Canada") and The Normandy Group S.A. ("Normandy" and together with Innua Canada, the "Foreign Debtors") in a Canadian receivership proceeding (the "Canadian Proceeding") pending before the Ontario Superior Court of Justice (Commercial List), Case No. 09-CL-8069 (the "Ontario Court").

The Receiver, by and through its undersigned counsel, respectfully moves for Provisional Relief Pursuant to 11 U.S.C. § 1519 (the "Motion") for entry of an order implementing section 362 of title 11 of the United States Code (the "Bankruptcy Code") on a

provisional basis, pending recognition of the Chapter 15 Petitions (as hereinafter defined). In support of the Motion, the Receiver relies on (i) the Declaration of Mitchell Vininsky and the exhibits annexed thereto (the "Vininsky Declaration"), (ii) the Affidavit of Rachelle Smeets and the exhibits annexed thereto (the "Smeets Affidavit"), and (iii) the Memorandum of Law in Support of (a) Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief, (b) Motion for Provisional Relief Pursuant to 11 U.S.C. § 1519, and (c) Order to Show Cause Scheduling Hearing and Imposing the Automatic Stay Pending a Hearing and Determination on the Motion for Provisional Relief (the "Memorandum of Law") -- each filed concurrently herewith. In further support of the Motion, the Receiver respectfully states as follows:

## PRELIMINARY STATEMENT

The Receiver is seeking immediate imposition of the automatic stay pursuant to Bankruptcy Code section 362, pending recognition of the Chapter 15 Petitions. The need for the stay is quite simple -- the Foreign Debtors' assets must be protected and the Receiver is in possession of facts and evidence clearly demonstrating that those assets are at material risk absent such protection. This is particularly the case where creditors are threatening to sell inventory being stored in their warehouses as set forth in the Smeets Affidavit. Additionally, the stay is necessary to prevent the Foreign Debtors' principals and former representatives from taking precipitous action which may harm the estates and their assets. As set forth in the Vininsky Declaration, the principals already squandered approximately $75,000 of estate assets just one day after they were notified of the commencement of the Canadian Proceeding and one day prior to the Receivership Order being granted -- $30,000 for themselves and $45,000 in severance payments to the employees terminated that same day. It is critical that this Court grant automatic stay protection on a provisional basis in order to preserve and maintain the Foreign Debtors' assets for the benefit of the estates' creditors.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1410(1) and (3).

3.      The statutory predicates for the relief requested herein are sections 1519(a) and 105(a) of the Bankruptcy Code.

## BACKGROUND

4.      The Receiver has commenced these Chapter 15 cases ancillary to the Canadian Proceeding by filing Verified Petitions For Recognition of Foreign Proceedings (the "Chapter 15 Petitions") with the documentation required by sections 1504 and 1515 of the Bankruptcy Code, seeking the entry of an order (i) recognizing the Canadian Proceeding as a "foreign main proceeding," or, in the alternative, a "foreign nonmain proceeding," and (ii) granting all relief afforded foreign main proceedings automatically upon recognition pursuant to Bankruptcy Code section 1520, including, without limitation, imposition of the automatic stay; or alternatively, if not as of right under section 1520 of the Bankruptcy Code, then pursuant to section 1521 of the Bankruptcy Code.

5.      This Court is respectfully referred to the Chapter 15 Petitions, the Smeets Affidavit and the Vininsky Declaration which outline the relevant facts -- all of which are incorporated herein by reference.  This Court is also respectfully referred to the Memorandum of Law which sets forth the legal basis for the provisional relief requested.

## REQUEST FOR RELIEF

6.      By this Motion, the Receiver seeks an order making section 362 of the Bankruptcy Code immediately applicable to protect the Foreign Debtors' assets located in the United States pursuant to sections 1519(a) and 105(a) of the Bankruptcy Code.

## BASIS FOR RELIEF

7.      Section 1519(a) of the Bankruptcy Code provides as follows:

From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature . . .

8.      In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order... necessary or appropriate to carry out the provisions of [title 11]."

9.      Relief under section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief. As discussed more fully in the accompanying Memorandum of Law, in the Third Circuit the "standard for evaluating a motion for preliminary injunction is a four-part inquiry as to: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *U.S. v. Bell*, 414 F.3d 474, 478 n.4 (3d Cir. 2005); *see also Conchatta, Inc. v. Evanko*, 83 Fed. Appx. 437, 440-41 (3d Cir. 2003); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *In re Uniflex, Inc.*, 319 B.R. 101, 104 (Bankr. D. Del. 2005).

10.     For the reasons set forth in the Memorandum of Law, the Receiver has amply demonstrated a reasonable probability that the Canadian Proceeding will be recognized as a foreign main proceeding.

11.     Additionally, as more fully set forth in the Memorandum of Law, the Smeets Affidavit and Vininsky Declaration, the Receiver submits that the provisional application of the automatic stay under section 362 of the Bankruptcy Code in these cases is critical to the prevention of irreparable damage to the value of the Foreign Debtors' estates.

12.     Moreover, the Receiver can show that no harm will result to any party that is greater than the harm to the Foreign Debtors' estates in the absence of the requested relief,

which is intended to be temporary, extending only through the disposition of the Chapter 15 Petitions. By contrast, if the provisional relief sought herein is not granted, the Foreign Debtors are at risk of immediate and irreparable harm of attack on or appropriation of their assets.

13.    Lastly, as set forth in the Memorandum of Law, providing the requested relief would effectuate the public policy considerations underpinning section 1525 of the Bankruptcy Code which mandates cooperation "to the maximum extent possible" between this Court and a foreign court. *See* 11 U.S.C. § 1525.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests the Court to enter the proposed Order attached hereto as Exhibit A and grant such other relief as this Court determines is fair and equitable under the circumstances.

Dated: March 16, 2009
        Roseland, New Jersey

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By:____*/s/ Michael S. Etkin*_____
Michael S. Etkin (ME 0570)
Eric H. Horn (EH 2020)
Thomas Livolsi (TL 7602)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Attorneys for the Receiver*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Eric H. Horn (EH 2020)
Thomas Livolsi (TL 7602)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Attorneys for the Receiver*

| | |
|---|---|
| In re: | Chapter 15 |
| Innua Canada Ltd., *et al.* | Case No. 09-_____ (____) |
| Debtors in Foreign Proceedings. | Jointly Administered |

## ORDER GRANTING PROVISIONAL RELIEF

The relief set forth on the following pages, numbered two (2) through four (4), is

hereby **ORDERED.**

22755/2
03/16/2009 11087713.2

Page:        2
Debtors:     Innua Canada Ltd., *et al.*
Case No:     09-_____(___)
Caption:     Order Granting Provisional Relief

This matter was brought before the Court on the Motion for Provisional Relief Pursuant to 11 U.S.C. § 1519 (the "Motion") filed on behalf of RSM Richter Inc. (the "Receiver") as foreign representative of the above-captioned debtors in foreign proceedings (the "Foreign Debtors"). The Receiver was appointed as receiver for the Foreign Debtors in a Canadian receivership proceeding (the "Canadian Proceeding") pending before the Ontario Superior Court of Justice (Commercial List), Case No. 09-CL-8069 (the "Ontario Court") pursuant to an order entered March 13, 2009, a copy of which is attached to the Declaration of Mitchell Vininsky. The Motion seeks immediate imposition of the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), pending recognition of the Canadian Proceeding.

The Court has considered (i) the Motion, (ii) the Verified Petitions for Recognition of a Foreign Proceeding and Related Relief (the "Chapter 15 Petitions"), (iii) the Declaration of Mitchell Vininsky, along with the exhibits annexed thereto, (iv) the Affidavit of Rachelle Smeets, along with the exhibits annexed thereto, (v) the Memorandum of Law in Support of (a) Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief, (b) Motion for Provisional Relief Pursuant to 11 U.S.C. § 1519, and (c) Order to Show Cause Scheduling Hearing and Imposing the Automatic Stay Pending a Hearing and Determination on the Motion for Provisional Relief, and (vi) the statements of counsel in support of the Motion. After due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

B.     Venue is proper in this district pursuant to 28 U.S.C. § 1410.

C.     The statutory bases for the relief requested are sections 1519 and 105(a) of the

Page:          3
Debtors:       Innua Canada Ltd., *et al.*
Case No:       09-_____(____)
Caption:       Order Granting Provisional Relief

Bankruptcy Code.

D.     The Canadian Proceeding is pending in Ontario, Canada, and the Receiver has been authorized to act as foreign representative of the Foreign Debtors in these proceedings.

E.     Based on the pleadings filed to date, the Court concludes that the Receiver has demonstrated a likelihood of success on the merits of the Chapter 15 Petitions.

F.     The relief sought by the Receiver in the Motion is authorized under sections 1519 and 105(a) of the Bankruptcy Code and the Receiver has demonstrated that irreparable harm to the Foreign Debtors' estates may occur in the absence of the relief sought in the Motion.

G.     The Motion was properly noticed.

H.     The relief granted hereby is necessary and appropriate, in the interests of international comity, and consistent with the public policy of the United States.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The automatic stay under section 362 of the Bankruptcy Code applies to the Foreign Debtors' Chapter 15 cases.

2.     To the extent not already stayed by section 362 of the Bankruptcy Code, all persons and entities (other than the Receiver and its authorized representatives and agents) are, except as expressly authorized by the Receiver, hereby enjoined from, among other things:

(a)     commencing or continuing an action or proceeding concerning the Foreign Debtors' assets, rights, obligations or liabilities;

(b)     executing against the Foreign Debtors' assets within the territorial jurisdiction of the United States;

(c)     taking or continuing any act to obtain possession of, or exercise control

over, the Foreign Debtors or any assets of the Foreign Debtors;

(d)   taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Foreign Debtors or the Receiver (in its capacity as receiver for the Foreign Debtors) or any assets of the Foreign Debtors;

(e)   transferring, encumbering, relinquishing or disposing of any assets of the Debtors to any person or entity other than the Receiver and its expressly authorized representatives and agents; or

(f)   managing, exercising control over, or possessing any of the Foreign Debtors' assets.

3.   The foregoing is without prejudice to the right of the Foreign Debtors to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, section 1519 of the Bankruptcy Code.

4.   This Order shall expire upon the Court's entry of a final, non-appealable Order recognizing the Canadian Proceeding as a foreign main proceeding.

5.   This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.