UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

March 25, 2009

FILED
JAMES J. WALDRON, CLERK

**MARCH 25, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

**Lowenstein Sandler PC**
Michael S. Etkin, Esq.
Eric H. Horm, Esq.
Thomas Livolsi, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for the Receiver, RSM Richter Inc.*

**Re:    Innua Canada Ltd. and The Normandy Group S.A.**
       **Case No. 09-16362 (DHS)**

Dear Counsel:

      Before the Court is an application for provisional relief under Section 1519(a) and Section 105(a) of the Bankruptcy Code in the Chapter 15 proceedings of Innua Canada Ltd. ("Innua Canada") and The Normandy Group S.A. ("Normandy") (collectively referred to as "Foreign Debtors"). The Court has reviewed the *Motion for Provisional Relief Pursuant to 11 U.S.C. § 1519*, the *Declaration of Michael S. Etkin in Support of Order to Show Cause and Notice Fixing Hearing to Consider the Motion of the Debtors in a Foreign Proceeding for Provisional Relief Pursuant to 11 U.S.C. § 1519*, the *First Report of RSM Richter Inc., as Interim Receiver and Receiver and Manager of Innua Canada Ltd. and The Normandy Group S.A*, the *Declaration of Mitchell Vinisky in Support of Verified Petitions for Recognition of Foreign Proceeding and Related Relief*, and heard the arguments of Counsel. No

Page 2
March 25, 2009

opposition to the relief sought has been filed or heard. The facts set forth herein are taken from the record before the Court.

The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 and Section 1501 of Title 11. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(P). Venue in the District of New Jersey is proper under 28 U.S.C. Section 1410(1) and (3) because the principal assets are located in New Jersey.

On March 13, 2009, the Ontario Superior Court of Justice ("Ontario Court") appointed RSM Richter Inc. ("RSM") as receiver and duly-authorized foreign representative ("Receiver") of Innua Canada and Normandy in a Canadian receivership proceeding ("Canadian Proceeding").[1] The Foreign Debtors include Normandy, the parent company, and Innua Canada, a wholly-owned subsidiary. Normandy purchases plasticizers and polyvinyl chloride ("PVC") from producers mainly in Asia and sells those products through its subsidiaries. David and Gail Harris are the principals ("Principals") holding 100% of Normandy's common shares. The Principals reside in Tortola in the British Virgin Islands.

Normandy's registered office is located in Grand Turk in the Turks and Caicos Islands and operates in Canada from an office in Burlington, Ontario. Innua Canada is a Canadian federally incorporated company which operates throughout North America with its registered office also in Burlington, Ontario. Innua Canada's principal assets consist of: (a) accounts receivable of approximately $2.2 million and (b) an inventory of approximately 3,155 metric tons of di-sononyl phthalate (DINP), a liquid petroleum based plasticizer, presently stored in tank farms in Bayonne, New Jersey and Houston, Texas as well as railcars in various other locations. These plasticizers are valued up to $4.2 million according to the Receiver's First Report filed with the Ontario Court.

Between July 2000 and January 2007, Fortis Bank (Nederland) N.V. and Normandy entered into lending agreements under which Fortis financed Normandy's trading activities by providing $6.5 million in 2000 up to $40 million in 2007. Upon reviewing Normandy's 2008 Financial Statements for the year ending September 30, 2008, Fortis realized that Normandy was in default of certain covenants in their agreements such as the solvency test, the maximum inventory amount and the minimum earnings before tax. After issuing several notices of default resulting in no response regarding the provision of additional collateral to cover the shortfalls, Fortis allegedly lost confidence in the Foreign Debtors. Fortis contends that the Foreign Debtors failed to provide confirmation of inventory purchases and that they also directed their account debtors to make payments of accounts receivable to accounts other than that of Fortis. Additionally, the storage facilities for the DINP have outstanding invoices of approximately $750,000 and the warehousers have threatened to sell the inventory in their possession.

---

[1] During oral argument, Counsel for the Receiver notified the Court that Normandy alone has taken an appeal of the Receivership Order.

Page 3
March 25, 2009

Due to these events and the Foreign Debtors' realization that the business could no longer operate as a going concern, Fortis issued a formal demand letter upon the Foreign Debtors on March 11, 2009 for repayment of the full amounts due and owing accompanied by notices of intention to enforce security in accordance with Canadian insolvency laws. On March 12, 2009, after receiving notice of the Canadian Proceeding, the Principals allegedly transferred $30,000 to a personal account and made a $45,000 severance payment to former employees. As stated above, the Ontario Court appointed RSM as the receiver on March 13, 2009.

On March 16, 2009, pursuant to the Receivership Order issued by the Ontario Court, the Receiver commenced proceedings in the District of New Jersey under Chapter 15 of the United States Bankruptcy Code by filing Verified Petitions for Recognition of Foreign Proceedings ("Chapter 15 Petitions"). In conjunction with the Chapter 15 Petitions, the Receiver filed an Order to Show Cause which the Court entered on March 17, 2009 temporarily imposing the automatic stay under 11 U.S.C. Section 362 on any and all actions, pending a hearing and determination on the Receiver's Motion for Provisional Relief under Section 1519(a) and Section 105(a) of the Bankruptcy Code. The Court set a hearing date of March 25, 2009 for the motion seeking provisional relief and April 13, 2009 for the hearing on recognition of the Chapter 15 Petitions ("Recognition Hearing") to determine whether the Canadian Proceeding is a foreign main proceeding or in the alternative, a foreign non-main proceeding. Service of the Order to Show Cause has been made and notice thereunder has been given.

At this juncture, the Court will focus on the provisional relief sought by RSM under Section 1519 and Section 105 of the Bankruptcy Code. In the motion, the Receiver seeks an order making Section 362 applicable to protect the Foreign Debtors' assets located in the United States during the "gap period," which is the time between the filing of the Chapter 15 petition and the court's ruling on recognition. *See In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 858 (Bankr. C.D. Cal. 2008). Section 1519(a) provides:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including—
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

Page 4
March 25, 2009

>    (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a) (2009). The relevant subsections of Section 1521(a) state:

>    (3) suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);
>
>    (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;. . .and
>
>    (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a).

11 U.S.C. § 1521(a)(3), (4), & (7) (2009). In *In re Daewoo Corporation*, the Honorable Robert E. Gerber, United States Bankruptcy Judge for the Southern District of New York, interpreted Section 1519(a)'s use of "including" to mean that the list that follows is not exhaustive. *See In re Daewoo Corp.*, 06-12242 (REG), *Hrg. on Prelim. Inj.*, 80 (Oct. 4, 2006). Furthermore, Section 1519(b) provides that the provisional relief, if granted, terminates upon the recognition of the Chapter 15 Petition unless extended under Section 1521(a)(6). 11 U.S.C. § 1519(b) (2009). Finally, Section 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (2009). Included in this provision is the power to issue injunctions under appropriate circumstances. *In re Otero Mills, Inc.*, 21 B.R. 777, 778 (Bankr. D.N.M. 1982) *aff'd* 25 B.R. 1018 (D.N.M. 1982).

Provisional relief under Section 1519 of the Bankruptcy Code requires satisfaction of the injunctive relief standard by the foreign representative, in this case, RSM, the Receiver. 11 U.S.C. § 1519(e) (2009). Pursuant to Third Circuit precedent, a party seeking a preliminary injunction must show that: (1) it has a likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is denied; (3) granting preliminary relief will not result in even greater harm to the non-moving party; and (4) the public interest favors such relief. *Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted). The first two factors are mandatory and must be present for the Court to issue a preliminary injunction. *Medical Marketing Consultants, LLC v. Cardiac Telecom Corp.*, 2007 U.S. Dist. LEXIS 48406, at *18 (W.D. Pa. May 31, 2007) (citing *Adams v. Freedom Forge Corp.* 204 F.3d 475, 484 (3d Cir. 2000)). The moving party must establish the first two factors before the Court may consider the remaining two. *See id.* at *18-19; *see also Tenafly Eruv Assoc. Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002) (citing *Adams*, 204 F.3d at 484.).

Page 5
March 25, 2009

In the instant matter, as to the first factor, the Receiver contends that there is a high likelihood that the Canadian Proceeding will be recognized as a foreign main proceeding pursuant to Sections 1515 and 1517. The Receiver argues that the Canadian Proceeding is pending in a country where Innua Canada has its center of main interest evidenced by a registered office in Burlington, Ontario containing books, records, computers, and employees. The Receiver also submits that Normandy operates in Canada out of the same offices and utilizes the Burlington, Ontario address on principal loan documents. Furthermore, the Receiver maintains a foreign representative filed the Chapter 15 Petitions including the required documentation such as the Receivership Order and a statement listing all foreign proceedings with respect to the Foreign Debtors.

As to the second factor, the Receiver contends that the Foreign Debtors and their creditors face irreparable harm absent the provisional relief because of potential loss or damage to the value of the assets. Specifically, the Receiver is concerned about the warehousers' threats to sell the inventory in their possession due to unpaid invoices and potential additional transfers by the Principals of estate assets. The Receiver argues that immediate imposition of the automatic stay is necessary to prevent any further dissipation of assets. This becomes clear in light of the two lawsuits recently commenced in the United States District Court for the Southern District of Texas, Houston Division: (i) *Stolt Tank Containers B.V. v. Normandy Group S.A., Innua Canada Ltd., and Innua Petrochem Ltd., in personam,* No. 09-00779; and (ii) *Stolt Tankers B.V. v. Normandy Group S.A., Innua Canada Ltd., Innua Petrochem Ltd., in personam, and 3,844,360 Pounds of Disononyl Phtalate, in rem,* No. 09-00763. Based upon this showing, the Receiver has met its burden as to the first two factors, that is, likelihood of success on the merits and irreparable harm to the Receiver and the bankruptcy estate.

The third factor, whether preliminary relief will result in even greater harm to the non-moving party, weighs in favor of the Receiver. Essentially, the Receiver requests that the status quo be maintained pending recognition of the Chapter 15 Petitions, which will actually serve to benefit the estates' creditors by allowing for an orderly administration of the Foreign Debtors' financial affairs under the Canadian Proceeding. Moreover, as the Receiver contends, creditors or interested parties will not suffer significant harm or hardship because the provisional relief is temporary, pending the hearing on recognition.

As to the last factor, whether the relief sought is in conjunction with United States' foreign policy, the Receiver submits that the provisional relief advances the express purposes of Chapter 15 found at Section 1501 of the Bankruptcy Code. The Receiver argues that the Foreign Debtors' assets located in the United States are in danger without the provisional relief, which is precisely the harm Chapter 15 is designed to prevent. Clearly, Section 1525 promotes cooperation between the United States Bankruptcy Court and the foreign court where the foreign proceeding is located and imposition of the automatic stay furthers such cooperation and policy.

Based upon the above, the Court is satisfied that the Receiver has met its burden under Section 1519, Section 105 and the injunctive relief standard of the Third Circuit. The Court will grant the Receiver's Motion for Provisional Relief applying Section 362 to the Foreign Debtors' Chapter 15

Page 6
March 25, 2009

cases. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

/s/ *Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure