**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

APRIL 15, 2009

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY
```

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE: **INNUA CANADA LTD.,** *et al.*

Debtors in Foreign Proceedings.

Case No.:   09-16362 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Lowenstein Sandler PC
Michael S. Etkin, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
***Counsel for the Foreign Representative RSM Richter, Inc.***

Office of the United States Trustee
Donald MacMaster, Esq.
One Newark Center, Suite 2100
Newark, New Jersey 07102

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are the Chapter 15 Petitions for Recognition of the Canadian Proceedings ("Chapter 15 Petitions") filed by RSM Richter Inc. ("RSM" or "Receiver") as the receiver and foreign representative appointed by the Ontario Superior Court of Justice (Commercial List) ("Ontario Court") for Innua Canada Ltd. ("Innua Canada") and The Normandy Group S.A. ("Normandy") (collectively referred to as "Foreign Debtors") in its receivership proceeding ("Canadian Proceeding").  RSM seeks an Order recognizing the Canadian Proceeding as a "foreign main proceeding" under Section 1517(b)(1), or alternatively, a "foreign non-main proceeding" under Section 1517(b)(2) of the United States Bankruptcy Code.  The Court has reviewed the *Verified Petitions for Recognition of Foreign Proceeding and Related Relief*, the *First Report of RSM Richter Inc., as Interim Receiver and Receiver and Manager of Innua Canada Ltd. and The Normandy Group S.A*, the *Declaration of Mitchell Vininsky in Support of Verified Petitions for Recognition of Foreign Proceeding and Related Relief*, and heard the proffered testimony of Mitchell Vininsky in Court.  No opposition to the relief sought has been filed.

The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 and Section 1501 of Title 11.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(P).  Venue in the District of New Jersey is proper under 28 U.S.C. Section 1410(1) and (3) because the principal assets are located in New Jersey.

**Factual Background**[1]

On March 13, 2009, the Ontario Superior Court of Justice ("Ontario Court") appointed RSM Richter Inc. ("RSM") as receiver and duly-authorized foreign representative ("Receiver") of Innua Canada and Normandy in a Canadian receivership proceeding ("Canadian Proceeding").[2] The Foreign Debtors include Normandy, the parent company, and Innua Canada, a wholly-owned subsidiary. Normandy purchases plasticizers and polyvinyl chloride ("PVC") from producers mainly in Asia and sells those products through its subsidiaries. David and Gail Harris are the principals ("Principals") holding 100% of Normandy's common shares. The Principals reside in Tortola in the British Virgin Islands.

Normandy's registered office is located in Grand Turk in the Turks and Caicos Islands and operates in Canada from an office in Burlington, Ontario. Innua Canada is a Canadian federally incorporated company which operates throughout North America with its registered office also in Burlington, Ontario. Innua Canada's principal assets consist of: (a) accounts receivable of approximately $2.2 million and (b) an inventory of approximately 3,155 metric tons of di-sononyl phthalate (DINP), a liquid petroleum based plasticizer, presently stored in tank farms in Bayonne, New Jersey and Houston, Texas as well as railcars in various other locations. In addition, the Receiver believes that approximately 230 metric tons of DINP was in transit at the time of the

---

[1] The factual recitation that follows has been gleaned from *Verified Petitions for Recognition of Foreign Proceeding and Related Relief, First Report of RSM Richter Inc.,* and *Declaration of Michael Vininsky in Support of Verified Petitions for Recognition of Foreign Proceeding and Related Relief.* In addition, the Court incorporates by reference its *Letter Opinion* in this matter dated March 25, 2009.

[2] Counsel for the Receiver notified the Court that Normandy alone has taken an appeal of the Receivership Order, but has not pursued the appeal beyond the initial filing.

Petition. All of these plasticizers are valued up to $4.2 million according to the Receiver's First Report filed with the Ontario Court.

Between July 2000 and January 2007, Fortis Bank (Nederland) N.V. and Normandy entered into lending agreements under which Fortis financed Normandy's trading activities by providing $6.5 million in 2000 up to $40 million in 2007. Fortis has a lock box control account at Wachovia Bank, in Newark, New Jersey out of which funds are used to pay down the financing arrangements. In January 2002, Fortis and Innua Canada entered into a Joint and Several Liability Agreement whereby Innua Canada agreed to be jointly and severally liable with Normandy for any amount due from Normandy to Fortis.

As security, Normany granted Fortis the following: (a) a continuing security agreement providing a lien on all of Normandy's personal property which was registered in Ontario and Washington, D.C. and (b) a deed of hypothec on movable property in the amount of $10,000,000 Canadian Dollars. In the same vain, Innua Canada granted Fortis: (a) general security agreement; (b) a deed of hypothec on movable property in the amount of $16,000,000 Canadian Dollars; and (c) a continuing security agreement.

Upon reviewing Normandy's 2008 Financial Statements for the year ending September 30, 2008, Fortis realized that Normandy was in default of certain covenants in their agreements such as the solvency test, the maximum inventory amount, and the minimum earnings before tax. After issuing several notices of default resulting in no response regarding the provision of additional collateral to cover the shortfalls, Fortis allegedly lost confidence in the Foreign Debtors. Fortis contends that the Foreign Debtors failed to provide confirmation of inventory purchases and that they also directed their account debtors to make payments of accounts receivable to accounts other

than that of Fortis. Additionally, the storage facilities for the DINP have outstanding invoices of approximately $750,000 and the warehousers have threatened to sell the inventory in their possession.

Due to these events and the Foreign Debtors' realization that the business could no longer operate as a going concern, Fortis issued a formal demand letter upon the Foreign Debtors on March 11, 2009 for repayment of the full amounts due and owing accompanied by notices of intention to enforce security in accordance with Canadian insolvency laws. As of March 11, 2009, the amount due and owing to Fortis was $11,432,172.60 in United States Dollars. On March 12, 2009, after receiving notice of the Canadian Proceeding, the Principals allegedly transferred $30,000 to a personal account and made a $45,000 severance payment to former employees. Fortis was also concerned that Innua had abandoned the entity known as Innua Canada as the company website was changed to include the name Innua Petrochem Ltd. As stated above, the Ontario Court appointed RSM as the receiver on March 13, 2009.

On March 16, 2009, pursuant to the Receivership Order issued by the Ontario Court, the Receiver commenced proceedings in the District of New Jersey by filing the Chapter 15 Petitions. In conjunction, the Receiver filed an Order to Show Cause which the Court entered on March 17, 2009 temporarily imposing the automatic stay under 11 U.S.C. Section 362 on any and all actions, pending a hearing and determination on the Receiver's Motion for Provisional Relief under Section 1519(a) and Section 105(a) of the Bankruptcy Code. The Receiver filed its first report with this Court on March 23, 2009 providing, *inter alia*, an overview of the events leading up to the receivership proceeding, its efforts to investigate the Foreign Debtors' operations and assets, and notification that Stolt-Nielson USA Inc. and other Stolt companies ("Stolt") commenced two actions

in the United States District Court for the Southern District of Texas, Houston Division seeking amounts owed for storage services provided in excess of $500,000. The Receiver filed a notice of the Chapter 15 Petitions in the Texas District Court. This Court granted the provisional relief on March 25, 2009 and the Recognition Hearing was scheduled for April 13, 2009.

## Discussion

### I.    Chapter 15 of the Bankruptcy Code

In the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress enacted Chapter 15 of the Bankruptcy Code implementing the Model Law on Cross-Border Insolvency ("Model Law") promulgated by the United Nations Commission on International Trade Law ("UNCITRAL"). *See* 11 U.S.C. §1501(a) (2009). The objectives of Chapter 15 are:

> [C]ooperation between United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protect the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets; and the facilitation of the rescue of financially troubled businesses.

*In re Oversight & Control Commission of Avanzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008) (citing *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007)); *accord* 11 U.S.C. § 1501(a).

A Chapter 15 proceeding is commenced by the foreign representative's filing of a petition for recognition under Section 1515. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 331 (S.D.N.Y. 2008); *accord* 11 U.S.C. §§ 1504 & 1509. A foreign representative is defined in the Bankruptcy Code as "person or body. . .authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs

or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24); *see In re Loy*, 380 B.R. 154, 161 (Bankr. E.D. Va., Newport News Div. 2007). The Bankruptcy Code defines a foreign proceeding as "a collective judicial or administrative proceeding in a foreign country. . .under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

The Chapter 15 Petition must be accompanied by the following documentation: (i) a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative; (ii) a certificate from the foreign court affirming the existence of the foreign proceeding and the appointed foreign representative; (iii) if the above two are not available, then any other evidence satisfying the court that the foreign proceeding has been commenced and the foreign representative has been appointed; and (iv) a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative. 11 U.S.C. § 1515(b) & (c).  Upon filing a Chapter 15 Petition, provisional relief may be granted under Section 1519, for which this Court entered an Order and Letter Opinion on March 25, 2009.

A foreign representative must satisfy the following and, if so demonstrated, then the Court must enter an order recognizing the foreign proceeding:

> (a) Subject to [the public policy exception of][3] section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—

---

[3]Section 1506 states: "Nothing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States."  11 U.S.C. § 1506.

8

> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
>
> (2) the foreign representative applying for recognition is a person or body; and
>
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a); *see In re Oversight & Control Commission of Avanzit, S.A.*, 385 B.R. at 532 (citing *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 52 (Bankr. S.D.N.Y. 2008)). Simultaneously, the Court must also determine whether the recognition of the foreign proceeding is as a foreign main or foreign non-main proceeding for which the foreign representative bears the burden of proving. *Id.* A foreign main proceeding is defined as "a foreign proceeding pending in the country where the debtor has the center of its main interests." *See* 11 U.S.C. §§ 1502(4) & 1517(b)(1). A foreign non-main proceeding is defined as "a foreign proceeding. . . pending in a country where the debtor has an establishment." *See* 11 U.S.C. §§ 1502(5) & 1517(b)(2). An establishment is "any place of operations where the debtor carries out a nontransitory economic activity." *See* 11 U.S.C. § 1502(2).

Upon the Court granting recognition under Section 1517, the foreign representative has the capacity to sue and be sued in the United States, the ability to apply directly to a United States court for appropriate relief, and all United States courts must grant comity and cooperation to the foreign representative. 11 U.S.C. § 1509. Section 1520 provides the relief granted to the foreign representative upon the Court's entry of an order recognizing the foreign proceeding such as implementing the automatic stay under Section 362 and the automatic application of Sections 363, 549 and 552 to interests of the debtor in property located within the "territorial jurisdiction of the United States 'to the same extent that the sections would apply to property of the estate,'" which is

necessary since Section 541 is not applicable to Chapter 15 cases. 8-1520 COLLIER ON BANKRUPTCY ¶ 1520.01 (15th ed. rev. 2008).

## II.    Application of Section 1517(a)

In the instant matter, RSM bears the burden of demonstrating that it has satisfied the requirements of Section 1517(a) in order for the Court to grant recognition of the foreign proceeding. RSM has clearly satisfied that it is a foreign representative made clear by the language of the Receivership Order entered by the Ontario Court specifically stating that the Receiver has the authority to "commence proceedings under Chapter 15 of the United States Bankruptcy Code and to act as foreign representative in such proceedings." *Decl. of Mitchell Vininsky in Supp. of Verified Petitions for Recognition of Foreign Proceedings and Related Relief ("Vininsky Decl.")*, Ex. B. Furthermore, Section 1516(a) allows a court to presume that the foreign proceeding is such if the foreign court's order states that it is a foreign proceeding and that the appointed person or entity is a foreign representative. *See* 11 U.S.C. § 1516(a). Here, the Order entered by the Ontario Court instituted a receivership proceeding under which the Foreign Debtors' assets and affairs are under the control of RSM with supervision by the Ontario Court. *See Vininsky Decl.*, Ex. B. Moreover, RSM is a "person" acting as the foreign representative with the Bankruptcy Code defining person to include individual, partnership and corporation. *See* 11 U.S.C. § 101(41); *In re Oversight & Control Commission of Avanzit, S.A.*, 385 B.R. 525, 540 (Bankr. S.D.N.Y. 2008). Furthermore, neither the Model Law nor the Bankruptcy Code define "body" but "it has been recognized as 'an artificial person created by a legal authority.'" *Id.* at 540 (citation omitted). Thus, regardless of the presumption, RSM has satisfied the second requirement of Section 1517(a).

10

Additionally, RSM has established that Section 1515's requirements have been met. Specifically, RSM provided a certified copy of the Receivership Order entered by the Ontario Court attached to the *Vininsky Declaration* at Exhibit B explicitly affirming the existence of a foreign proceeding in Canada and the appointment of RSM as the foreign representative. *Vininsky Decl.,* Ex. B; *accord* 11 U.S.C. § 1515(b). In accordance with Section 1515(c), RSM has filed an Amended List on March 19, 2009 detailing any pending litigation with respect to the Foreign Debtors and a list of known creditors. Therefore, the last element that the Receiver must demonstrate is whether the foreign proceeding is a foreign main or foreign non-main proceeding.

### III.    Types of Foreign Proceedings under Section 1502

The Court must next determine whether the instant foreign proceeding is main, or in the alternative, non-main.

#### A.    Foreign Main Proceeding

A foreign main proceeding is one which is pending in the country where the debtor has the center of its main interest. 11 U.S.C. § 1502(4); *see In re Loy*, 380 B.R. at 162. The Bankruptcy Code does not define center of main interests, referred to as COMI. *See In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 47 (Bankr. S.D.N.Y. 2008); *In re Loy*, 380 B.R. at 162. Courts have found that the Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency ("Guide") explained that the COMI was modeled after the European Union Convention on Insolvency Proceedings ("EU Convention") which states: "the place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties." *See In re Bear Stearns,* 374 B.R. at 129 (citing Council Reg. (EC) No. 1346/2000, P 13); *see also In re Basis Yield Alpha Fund*, 381 B.R. at 47. "This generally equates with the concept of a principal

place of business in United States law." *In re Basis Yield Alpha Fund*, 381 B.R. at 48 (citing *In re Tri-Continental Exchange*, 349 B.R. at 633-34); *In re Bear Stearns*, 374 B.R. at 129 (citing same).

Furthermore, Section 1516(c) explicitly provides: "In the absence of evidence to the contrary, the debtor's registered office. . .is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007) (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 635 (Bankr. E.D. Cal. 2006)).  Here, despite notice and the filing of an appeal in the Canadian Court to the appointment of the Foreign Representative of Normandy, no party filed an objection to recognition of the Chapter 15 Petitions.  In discussing Article 16 of the Model Law, the Guide provides that Section 1516 allows courts to expedite the evidentiary process, but it does not prevent the court or another interested party from questioning the presumption. In *Bear Stearns*, the Honorable Burton R. Lifland stated that the Chapter 15 Petition process should not become a "rubber stamp exercise" when no objection is filed. *See In re Bear Stearns*, 374 B.R. at 130.  This served as a departure from the decision made by the Honorable Robert D. Drain in *In re Sphinx* where the court enumerated factors that could be useful in making the COMI determination, but then found that the court should defer to the "creditors' acquiescence in or support of a proposed COMI." *See In re Sphinx, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006).  The well-considered factors listed in *In re Sphinx* and utilized by other courts are:

> [T]he location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

*In re Sphinx*, 351 B.R. at 117; *see In re Bear Stearns*, 374 B.R. at 122; *In re Loy*, 380 B.R. at 163.

In the instant matter, the evidence demonstrates Canada is clearly where the Foreign Debtors have their COMI. Innua Canada was incorporated in Canada and operated out of the registered head office in Burlington, Ontario with its employees located there until March 12, 2009. *See Vininsky Decl.,* Ex. C (containing the *Affidavit of Rachelle Smeets ("Smeets Aff."))* at ¶¶ 8, 9. Furthermore, Innua Canada's headquarters, books and records, and accounting and business computer systems are all located in Canada. *Id.* at ¶¶ 9, 12.

As to Normandy, it is clear it also operated out of the same offices as Innua Canada in Burlington, Ontario. *Id.* at ¶ 4. The Ontario office actually has a sign on the door bearing the name "Normandy" and the office contains Normandy's books and records that were not removed prior to the issuance of the Receivership Order. *See Vininsky Decl.* at ¶¶ 5-6. Normandy also utilized the Burlington, Ontario office address on principal loan documents. *See Smeets Aff.*, Ex. D & F. Furthermore, the proffered testimony elicited the following: (i) the company's financial and accounting statements were prepared by auditors based in Ontario; (ii) an Ontario insurance broker sent statements and invoices to Normandy at the Burlington, Ontario office; (iii) Mr. James Steele's business cards bear the names Innua Canada Ltd. and The Normandy Group, S.A. listing the Ontario office address and these were found in the Burlington office; and (iv) the examination of an employee demonstrated that two employees mostly worked for The Normandy Group based out of the Ontario office and received mail there. Finally, the records of the Normandy group were generated and stored in Canada and Normandy's post-2007 records are currently being stored by an employee at her residence in Canada. *See Hrg. Tr.* ___ (Apr. 13, 2009).

Based on the evidentiary record and the affidavits submitted with the Chapter 15 Petitions, the Court is satisfied that RSM has met its burden in establishing the Canadian Proceeding is a foreign main proceeding as to both Foreign Debtors.

## **Conclusion**

For the foregoing reasons, the application to recognize the Canadian Proceeding as a foreign main proceeding is hereby granted. An Order has been entered and a copy is attached hereto.

*/s/ Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: April 15, 2009